ELECTION OF DISTRICT JUDGE — WITHDRAWAL OF OPPOSING CANDIDATE In a non-partisan election for District Judge where three candidates were in the first primary the candidate receiving the second highest number of votes can effectively withdraw within five days after said primary. Such withdrawal results in the election of the candidate receiving the highest number of votes in the primary and it is not necessary to place his name upon the ballot for the general election in November. The Attorney General has had under consideration your opinion request, dated September 10, 1970, wherein you state and in effect inquire: FACTS "At the Regular Primary Election, August 25, 1970, there were three candidates for District Judge, District No. 5, Office No. 3. These candidates names appeared on the ballots in Jefferson and Stephens Counties and the vote was as follows: Hegel Branch, Jr. ..................... 5,149 Edward L. Bond ........................................ 2,657 John T. Cooper: ....................................... 2,360 As provided in 26 O.S. 1621 [26-1621](c)(1) (1969), as amended by Senate Bill No. 534, Thirty-second Legislature. The names of the two candidates who received the highest number of votes cast should be placed on the ballot for the general election because the nominating district was not coextensive with the whole judicial district. However, on August 31, 1970, this office received a purported withdrawal from Edward L. Bond (copy attached). Mr. Bond apparently believed that he could lawfully withdraw under the provisions of 26 O.S. 163 [26-163] (1969)." QUESTIONS 1. Can Edward L. Bond withdraw effectively after the primary in a non-partisan election for District Judge, as factually set out above? 2. If you answer the first question in the affirmative whose name, if any, should be placed upon the ballot for the General Election in November? DISCUSSION AND AUTHORITIES It should be mentioned there are three district judges in Judicial District No. 5. Before the enactment of law providing for non-partisan election of judges one district judge was nominated from Caddo and Grady Counties, one was nominated from Comanche and Cotton Counties and one from Stephens and Jefferson Counties. All judges nominated in these three nominating districts, ran at large over the entire six counties in the general election. 26 O.S. 162 [26-162] g — 26 O.S. 162p [26-162p] (1969), now provide for the non-partisan election of district judges. Section 162j provides for numbering the offices where more than one district judge is provided for in a judicial district. Under this provision the district judge position with which we are here concerned was denominated office No. 3. Title 26 O.S. 1621 [26-1621] (1969), provides in relevant part: "(a) If only one person files for an office, he shall be deemed to have been elected to the office, and his name shall not appear on the ballot at either the primary or general election. "(b) If two persons file for the same office, their names shall appear on the ballot only at the time of the general election. "(c) If, at the time of the primary election, more than two persons have filed for the same office, their names shall appear on the ballot at the time of the primary election. (1) If no candidate receives a majority of the votes cast for that office at the primary election, or in the case of District Judges, if the nominating district does not include the whole judicial district, the two candidates who receive the highest number of votes will have their names placed on the ballot for the general election whether or not one receives a majority of votes cast for that office." Title 26 O.S. 1620 [26-1620] (1969), provides: "Except as provided in this Act, the election laws of this State, including the time for filing the notification and declaration of candidacy and the filing fee, shall apply to the election of candidates for the offices of District Judge and Associate District Judge." Title 26 O.S. 163 [26-163] (1969), in relevant part provides: "Any candidate for state or county office may withdraw after the primary and before the runoff primary by filing a verified withdrawal within five (5) days after the regular primary. In the event there are only two candidates for a particular office and one candidate withdraws as provided herein, the remaining candidate shall become the candidate of that particular political party and it shall not be necessary to place his name upon the ballot of such party, and such person shall be issued a Certificate of Nomination and his name placed on the ballot as that party's candidate in the General Election." CONCLUSION Applying the above statutes to the facts set out in your letter leads us to the following conclusions: 1. More than two persons filed for District Judge, Office 3, District 5, and they were candidates in the primary election. 2. The old nominating district for District Judge, Office 3, District 5 does not include the whole judicial district. 3. Though Hegel Branch, Jr., received more votes than both of his opponents in the primary, under the provisions of 26 O.S. 1621 [26-1621](c)(1), he and his next highest opponent, Edward L. Bond, would have appeared on the general election ballot and the electorate of the entire six counties of Judicial District No. 5 would have chosen between them. 4. John T. Cooper, the candidate who received the third highest number of votes in the primary was eliminated under the plain provisions of Section 26 O.S. 1621 [26-1621](c)(1). 5. The election laws of state, including the above quoted part of Section 26 O.S. 163 [26-163], apply to the election of candidates for District Judges and therefore Edward L. Bond, one of the successful candidates for District Judge, Office 3, District 5, could and did legally withdraw by filing a verified withdrawal within five (5) days after the primary election. 6. Under the last sentence of the above quoted portion of Section 163, in a partisan election, Hegel Branch, Jr. would have been his party's candidate in the general election upon the verified withdrawal of Edward L. Bond but since the election of District Judges is a non-partisan election such withdrawal effectuates the election of Hegel Branch, Jr. to the office of District Judge, Office 3, District 5. It is therefore the opinion of the Attorney General for the reasons set out above your first question should be answered in the affirmative. Edward L. Bond can withdraw effectively after the primary election in a non-partisan election for District Judge. It is the further opinion of the Attorney General it is not necessary for the State Election Board to place any name upon the ballot for the general election in November. The withdrawal of one of two candidates for District Judge after the primary effectively elects the other under the facts set out in your question. (W. J. MONROE)